IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARGARET BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-0881-MEF |
| | ) | |
| DOLLAR GENERAL, | ) | (PUBLISH) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Margaret Barker ("Barker") allegedly suffered injuries when three bottles of

detergent fell from a shelf in Defendant Dollar General's store and hit Barker on the head.

Barker brought suit in the Circuit Court of Barber County, Alabama against Dollar General

alleging negligence under Alabama law.  (Doc. # 1 Ex. 2).  Dollar General removed the case

to this Court.  (Doc. # 1).

On November 11, 2010, Barker filed a Motion to Remand.  (Doc. #9).  In its motion

which is presently before this Court, Barker argues that the amount in controversy in this case

is less than $75,000, and therefore that this Court lacks jurisdiction pursuant to 28 U.S.C. §

1332.  For the reasons set forth in this Memorandum Opinion and Order, the Court finds that

the Motion to Remand (Doc. # 9) is due to be GRANTED.

**I. FACTUAL & PROCEDURAL HISTORY**

Barker was injured on July 3, 2008 when three bottles of washing detergent fell

from a shelf in Dollar General and hit her on the head. (Doc. #1 Ex. 2).  The single count

complaint alleges the following injuries and damages resulted from the incident: a left

occipital scalp hematoma and possible laceration, migraines resulting from the head

injury, expenses for medicine, physician's fees, hospital charges, nursing services, and

therapy services, pain and suffering, mental anguish and emotional stress. *Id.* Barker

also seeks damages for future medical expenses and residual pain. *Id.* As set out in her

complaint, Barker demands judgment against Dollar General in the sum of $75,000 plus

costs. *Id.*

On May 28, 2010, Dollar General served Barker with requests for admission

asking her to admit that the amount in controversy in the case does not exceed $75,000.

(Doc. #1 Ex. 1 at 22).  On September 20, 2010, Barker denied Dollar General's request

for admission, saying "Plaintiff is uncertain as her medical treatment is ongoing." (Doc.

#1 Ex. 1 at 30).  Barker also produced medical bills totaling $4,117.93.  Based only on

Barker's response and the bills produced through discovery, Dollar General removed the

case to this Court on October 19, 2010.  (Doc. # 1).

Barker subsequently filed a Motion to Remand arguing that this Court lacks

subject matter jurisdiction over the proceeding because the amount in controversy does

not exceed $75,000 as required by 28 U.S.C. § 1332(a).  (Doc. # 9).  Dollar General

contends that Barker's express denial that the amount in controversy does not exceed

$75,000 contradicts her complaint's *ad damnum* clause and demonstrates that the amount

in controversy actually exceeds $75,000.  (Doc. #11).

Barker is a resident of Alabama.  (Doc. # 1).  Dollar General is a corporation organized under the laws of Kentucky with its principal place of business in Tennessee. *Id.*   The parties do not contest that complete diversity exists in this case.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Title 28, United States Code § 1332 confers on federal courts jurisdiction in civil actions "in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  A party may remove the case if it originally could have been brought in federal court.  *See* 28 U.S.C. § 1441(a).  If the case is not removable from the face of the complaint, the defendant may file a notice of removal within 30 days of receiving some "other paper" which makes the case removable.  *See* 28 U.S.C. § 1446(b).

However, the non-removing party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c).  Because removal jurisdiction raises significant federalism concerns, "removal

statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction,

uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

When a plaintiff specifies an amount of damages in the state court complaint, the

"defendant must prove to a legal certainty that plaintiff's claim must exceed" the

jurisdictional amount.  *Id.* at 1096.  When demonstrating that remand is proper, the

"defendant's burden of proof must be a heavy one" because the plaintiff's assessment of

her damages "when it is specific and in a pleading signed by a lawyer, deserves deference

and a presumption of truth."  *Id.* at 1095.

Recent Eleventh Circuit decisions in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d

744 (11th Cir. 2010) and *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007) apply

a preponderance of the evidence standard to the amount in controversy analysis when the

complaint fails to specify the damages award sought.  However, the Eleventh Circuit's

decision in  *Burns*—which requires the defendant to demonstrate to a legal certainty that

the amount in controversy exceeds $75,000—remains controlling where the plaintiff's

complaint claims a specific prayer for relief.  31 F.3d at 1092; *Tapscott v. MS Dealer*

*Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996).

### III. DISCUSSION

Because Barker stated a specific amount of damages in her complaint, the legal

certainty standard from *Burns* controls in this case.  *Burns*, 31 F.3d at 1095.  Therefore,

to avoid remand in this case, Dollar General must prove to a legal certainty that Barker's

damages necessarily exceed $75,000.  *See id.*  In its notice of removal, Dollar General

relies on Barker's denial of the request for admission to prove that the amount in

controversy does exceed $75,000 in this case.  Barker's denial does not prove to a legal

certainty that her damages would exceed $75,000.  In fact, Barker herself seems to

concede that because of her ongoing medical care, even she is unsure about the amount of

her damages.  Dollar General also contends that the medical bills Barker produced

indicate that the amount in controversy exceeds $75,000.  While these documents are not

before the Court, Dollar General says that they indicated damages of only $4,117.93.

Even in combination with Barker's response to the request for admissions, this evidence

does not satisfy the standard set out in *Burns*.

Additionally, this Court has found that a plaintiff's denial of a request for

admission does not "admit the opposite of the proposition offered for admission, but

rather is simply to establish that the matter is in dispute."  *Harmon v. Wal-Mart Stores*,

*Inc.*, No. 3:08-cv-309, 2009 WL 707403, at *4 (M.D. Ala. March 16, 2009) (Fuller, CJ).

In *Harmon*, this Court found that a plaintiff's denial of a request for admission which

read "you do not claim in excess of $75,000 as total damages in this case" was not

sufficient to support jurisdiction.  *Id.* at *1, 4.  The same must be true here—Barker's

denial of the request for admission is not sufficient to support the exercise of jurisdiction

in this case.

Barker seems to contend in her Motion to Remand, as does Dollar General, that a preponderance of the evidence standard applies in this case, citing *Lowery v. Alabama Power Co.* (Doc. # 9) (asserting that "in cases such as this one, where the Complaint does not specify the amount of damages sought," a preponderance of the evidence standard applies). However, as Barker notes two paragraphs later, Barker's complaint clearly does state an amount of damages. Therefore, the preponderance standard is inapplicable, and because Dollar General has not satisfied its burden of establishing to a legal certainty that the amount in controversy exceeds $75,000, this case is due to be remanded.

For the foregoing reasons, it is hereby ORDERED that:

1.     Plaintiff's Motion to Remand (Doc. # 9) is GRANTED.

2.     This case is REMANDED to the Circuit Court of Barbour County, Alabama.

3.     The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 7th day of February, 2011.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE